UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE ARMBRUSTER,<br><br>    Plaintiff,<br><br>  v.<br><br>CELLCYTE GENETICS CORPORATION, *et al.*,<br><br>    Defendants. | No. 08-0047RSL<br><br>ORDER CONSOLIDATING RELATED ACTIONS, APPOINTING THE NEWBILLS AS LEAD PLAINTIFFS AND APPOINTING HAGENS BERMAN AS LEAD COUNSEL |
| DOMINIC J. TOLERICO,<br><br>    Plaintiff,<br><br>  v.<br><br>CELLCYTE GENETICS CORPORATION, *et al.*,<br><br>    Defendants. | No. 08-00163RSL |

ORDER CONSOLIDATING CASES; APPOINTING
LEAD PLAINTIFF AND LEAD COUNSEL - 1

| | | |
|---|---|---|
| JOE M. PRUITT, | | No. C08-0178RSL |
| | Plaintiff, | |
| v. | | |
| CELLCYTE GENETICS CORPORATION, *et al.*, | | |
| | Defendants. | |

This matter comes before the Court on motions to consolidate three related actions and on three motions for appointment of lead plaintiff.[1] On January 14, 2008, the first case was filed by plaintiff Lance Armbruster on behalf of himself and all others who purchased CellCyte securities between April 6, 2007 and January 9, 2008. Two actions were subsequently filed by plaintiffs Dominic Tolerico and Joe Pruitt. All three cases involve claims of securities violations pursuant to the Securities Exchange Act of 1934 as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Plaintiffs allege that defendant CellCyte Genetics Corporation ("CellCyte")[2] misled investors by making false and misleading statements to investors and the SEC about the history and experience of the company's CEO Gary Reys. Reys' background was called into question after published news reports noted alleged discrepancies regarding his experience and background. CellCyte subsequently removed some of Reys' biographical

---

[1] Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, the Wyatts' and the Newbills' request for oral argument is denied.

[2] CellCyte is "a company focused on the discovery and development of stem cell enabling therapeutic products." Wyatt Family's Motion for Appointment of Lead Plaintiff at p. 3.

ORDER CONSOLIDATING CASES; APPOINTING
LEAD PLAINTIFF AND LEAD COUNSEL - 2

information from its website. Plaintiffs allege that within days, the value of company stock fell by 55%.

**A.  Consolidation.**

Pursuant to the PSLRA, the Court first considers whether to consolidate the related actions. 15 U.S.C. § 77z-4(a)(3)(B)(ii); 15 U.S.C. § 78u-4(a)(3)(B)(ii). Consolidation is appropriate if the actions "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Court has broad discretion to consolidate cases pending within the district. See, e.g., Investors Research Co. v. United States Dist. Court, 877 F.2d 777 (9th Cir. 1989). In this case, defendants do not oppose consolidation. In addition, all three cases involve common factual and legal questions under the PSLRA including whether defendants made false statements and omissions and whether those actions caused the stock price to increase then precipitously drop as alleged. Consolidation of these actions will promote efficiency, conserve judicial resources, and foster uniform decision-making while avoiding inconsistent results. Accordingly, the Court orders that these actions will be consolidated for all purposes.

Defendants argue that the named defendants should be limited to the defendants named in all three actions. Specifically, they note that the Tolerico action names Glen MacDonald, Michael Eyre, and John Fluke, but none of them is a named defendant in the Armbruster and Pruitt actions. They therefore argue that none of the three should be a named defendant in the consolidated action. None of the plaintiffs responded to this argument. However, Tolerico did not file a motion to be appointed lead plaintiff, so he did not necessarily have an opportunity to respond to that argument. In addition, the argument is premature. None of the three defendants has been dismissed. The newly appointed lead plaintiff will file a consolidated complaint which may or may not include the three defendants. Accordingly, the Court will not delete any of the named defendants.

ORDER CONSOLIDATING CASES; APPOINTING
LEAD PLAINTIFF AND LEAD COUNSEL - 3

**B.      Lead Plaintiff and Lead Counsel.**

Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(I), plaintiff Armbruster published a notice of pendency of the action in *PR Newswire* on January 14, 2008. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i)(II), three timely applications to be appointed lead plaintiff were filed by the Wyatt family, Jim Thompson, and Anthony and James Newbill (the "Newbills").

At this stage of the proceeding, the Court accepts the allegations of the multiple complaints as true. The Court evaluates the typicality of plaintiffs' claims and the adequacy of their representation in light of those allegations.

The alleged losses suffered by the Newbills are approximately $88,000 and are significantly greater than the losses suffered by any of the other proposed lead plaintiffs. The Newbills also satisfy the requirements of Rule 23 at this stage in the proceedings.[3] The PSLRA inquiry on that issue focuses principally on the elements of typicality and adequacy. See, e.g., Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Labranche & Co., 229 F.R.D. 395, 411 (S.D.N.Y. 2004). The Newbills certifications show that they have reviewed the complaint, authorized its filing and are willing to serve as representatives of the class. The Newbills' claims are typical of the claims of other plaintiffs in the proposed class. They allege that their losses occurred as a result of the same wrongful conduct alleged by other plaintiffs. The Newbills' claims are based on the same legal theories as other plaintiffs' claims. The Newbills have retained adequate counsel. The Court finds that the Newbills satisfy the requirements of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Jim Thompson and the Wyatts do not oppose the Newbills' motion to be appointed lead plaintiffs. For these reasons, the Court affords the Newbills a

---

[3] Defendants stress, and the Court agrees, that the determinations of adequacy and typicality are solely for purposes of this motion. The Court will reevaluate whether plaintiffs meet those requirements if and when a motion for class certification is filed.

ORDER CONSOLIDATING CASES; APPOINTING
LEAD PLAINTIFF AND LEAD COUNSEL - 4

rebuttable presumption that they are the most adequate plaintiffs to prosecute the consolidated actions. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

The presumption may be rebutted upon proof by a member of the purported plaintiff class that the movant: (aa) will not fairly and adequately protect the interests of the class, or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The claims of the Newbills do not appear to be subject to unique defenses. The record does not describe the relationship between Anthony and James Newbill, although they appear to be related to each other. Because of their familial relationship and two-person composition, the Newbills are likely to be a cohesive plaintiff unit. None of the other parties has offered any arguments to rebut the presumption. Accordingly, the Newbills are hereby appointed lead plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Newbills have selected the law firms of Hagens Berman Sobol Shapiro LLP as lead counsel. The PSLRA provides that once the lead plaintiff is selected, it "shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u- 4(a)(3)(B)(v). The decision to approve counsel selected by the lead plaintiff is a matter within the discretion of the district court. See In re Milestone Scientific Sec. Litig., 187 F.R.D. 165, 176 (D.N.J. 1999). In this case, the record does not show any reasons to reject the Newbills' choice of counsel. Counsel has been appointed lead counsel in a number of other securities fraud cases, including another one currently pending before this Court, In re Jones Soda Co. Litig., Cause No. 7-1366RSL (W.D. Wash.). The Newbills' selection of lead counsel is hereby approved.

Accordingly, the Court DENIES the motions to be appointed lead plaintiff filed by Jim Thompson and the Wyatt family. The Court GRANTS the Newbills' motion.

ORDER CONSOLIDATING CASES; APPOINTING
LEAD PLAINTIFF AND LEAD COUNSEL - 5

Pursuant to Fed. R. Civ. P. 42(a), the above-captioned matters are hereby consolidated for all purposes.

Counsel shall make efforts to identify all cases, other than those identified above, which might properly be consolidated as part of this action, whether the cases are currently pending before the Court or are later filed in or transferred to this district. The Clerk of Court is directed to file this Order in Cause No. C08-0163RSL and 8-178RSL and then close those cases. No additional documents shall be filed in Cause No. C08-0163RSL or 8-178RSL. The consolidated action shall be re-captioned as *In re CellCyte Genetics Corporation Securities Litigation*, Cause No. C08-47RSL. All documents filed in the future regarding these matters are to be filed under that caption.

All counsel shall be responsible for notifying the Court if they become aware of any case that is filed regarding the same subject matter that might be appropriate for consolidation with this case.

Lead counsel shall have authority to speak for plaintiffs in matters regarding pretrial and trial procedure and settlement negotiations, and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort. Lead counsel shall organize, coordinate, and conduct this litigation in the most cost-effective manner possible.

Lead counsel shall also be available and solely responsible for communications to and from the Court and shall coordinate the activities of plaintiffs and plaintiffs' counsel in the conduct of the consolidated action. Defendants' counsel may rely upon all agreements made with lead counsel, or their duly authorized representatives, and such agreements shall be binding on plaintiffs.

Lead counsel shall be responsible for coordination of all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. No motion, request for discovery or other pretrial proceedings shall be initiated or filed by

1 plaintiffs except through lead counsel.  This order shall apply to this consolidated action
2 and to each case that relates to the same subject matter that is subsequently filed in this
3 Court or is transferred to this Court and is consolidated with this consolidated action.

DATED this 28th day of April, 2008.

/s/ Robert S. Lasnik
Robert S. Lasnik
United States District Judge

ORDER CONSOLIDATING CASES; APPOINTING
LEAD PLAINTIFF AND LEAD COUNSEL - 7